# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,              )
                               )
v.                             )    I.D. No. 0903001739
                               )
DAVID A. MERRITT,              )
                               )
Defendant.                     )

Date Submitted: December 6, 2017
Date Decided: January 29, 2018

## ORDER

Upon consideration of Defendant's second *pro se* Motion for Postconviction Relief;[1] Superior Court Criminal Rule 61;[2] Defendant's Motion for Evidentiary Hearing;[3] Defendant's Motion for Appointment of Counsel;[4] Defendant's Motion for Discovery and Inspection;[5] the facts, arguments, and legal authorities set forth in Defendant's Motions; statutory and decisional law; and the record in this case, **IT APPEARS THAT:**

1. The facts giving rise to Defendant's charges, as set forth by the Delaware Supreme Court in its decision on Defendant's direct appeal,[6] are as follows:  In 2006, Defendant and his wife, Michelle, divorced after

---

[1] D.I. 109.
[2] Super. Ct. Crim. R. 61.
[3] D.I. 114.
[4] D.I. 115.
[5] D.I. 118, 119.
[6] *Merritt v. State*, 12 A.3d 1154 (Del. 2011).

thirteen years of marriage. Michelle moved out of the couple's home and the couple entered into a child custody agreement whereby their two daughters, then eleven year old Anne and seven year old Denise,[7] would reside with Defendant every Friday evening to Tuesday afternoon.[8]

2. After Michelle moved out of the couple's home, Defendant allegedly began sexually abusing Anne. The abuse continued until January 2009, when Anne revealed the abuse to her mother. Michelle reported the abuse to the police and initiated proceedings to obtain full custody of Anne and Denise. Defendant was arrested on March 5, 2009[9] and indicted on July 6, 2009.[10]

3. Following a Superior Court jury trial held on February 23, 2010, February 24, 2010, and March 1, 2010, Defendant was found guilty on eight counts of Rape in the First Degree and one count of Continuous Sexual Abuse of a Child by a Person of Trust.[11] On May 14, 2010, Defendant was sentenced to 127 years at Level V.[12]

---

[7] The Court adopts the same pseudonyms used by the Delaware Supreme Court.
[8] *Merritt*, 12 A.3d at 1154.
[9] *Id.*
[10] D.I. 6.
[11] *State v. Merritt*, 2012 WL 5944433, at *1 (Del. Super. Nov. 20, 2012) (Parker, Comm'r) ("Comm'r's Report").
[12] D.I. 30.

4. Defendant filed a direct appeal to the Delaware Supreme Court, where the judgment of the Superior Court was affirmed.[13]

5. Defendant also filed a federal action pursuant to 42 U.S.C. § 1983, which was dismissed as frivolous by the District Court of Delaware on June 14, 2011.[14]

6. On December 13, 2011, Defendant filed his first Motion for Postconviction Relief ("First Motion"), raising the following grounds for relief: (1) trial counsel provided ineffective assistance at trial and on appeal; (2) the trial transcripts were not timely and properly transcribed; (3) the prosecutor engaged in misconduct; (4) the trial judge failed to properly give a curative instruction or strike the offending questions of the prosecutor; (5) there was insufficient evidence to support the convictions of rape in the first degree; (6) the indictment was fatally flawed and improperly amended; and (7) the trial judge had an improper ex parte communication with the jury.[15]  Thereafter, Defendant filed several motions related to the First Motion.[16]

---

[13] *Merritt*, 12 A.3d at 1154.
[14] *Merritt v. Edinger, et al.*, 2011 WL 2442660, at *2 (D. Del. 2011).
[15] D.I. 67.
[16] *See* D.I. 68, 69, 86, 90, 91, 92.

7. By report dated November 20, 2012, the Commissioner recommended that Defendant's First Motion be denied on the grounds that the ineffective assistance of counsel claims were without merit and the remaining claims were procedurally barred under Rule 61.[17] After considering Defendant's objections to the Commissioner's report and the State's response to the objections, the Superior Court, upon *de novo* review, adopted the Commissioner's report and denied Defendant's First Motion on January 25, 2013. Defendant appealed this Court's January 25, 2013 denial to the Delaware Supreme Court, where the judgment was affirmed.[18]

8. In 2016, Defendant unsuccessfully sought habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his 2010 convictions, in the District Court of Delaware.[19] Defendant appealed the District Court's Order, and the Third Circuit Court of Appeals denied his appeal on August 9, 2017.[20]

---

[17] *See* Comm'r's Report. The Commissioner also denied Defendant's Motion for the Appointment of Counsel and Motion for an Evidentiary Hearing.

[18] *Merritt v. State*, 77 A.3d 272 (Del. 2013).

[19] *Merritt v. Pierce*, 2016 WL 4483836 (D. Del. Aug. 24, 2016) (denying Merritt's Motion for Summary Judgment); *Merritt v. Pierce*, 239 F.Supp.3d 801 (D. Del. Mar. 6, 2017) (Order denying habeas relief).

[20] *Merritt v. Warden James T. Vaughn Correctional Center, et al.*, 2017 WL 4417849 (3d Cir. 2017).

4

9. On September 21, 2017, Defendant filed a second *pro se* Motion for Postconviction Relief[21] ("Second Motion") raising the following grounds for relief: (1) altered/inaccurate transcripts; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) the trial judge's abuse of discretion when she failed to properly give a curative instruction or strike the offending questions of the prosecutor; (5) insufficient evidence; (6) improper ex parte communication between the trial judge and the jury; (7) flawed indictment; and (8) improperly amended indictment.[22] Defendant also filed several motions related to the Second Motion.[23]

10. Before considering the merits of a motion for postconviction relief, the Court must determine whether consideration is barred by any of the Rule 61(i) procedural bars.[24] The procedural "bars" of Rule 61 are:

---

[21] D.I. 109.

[22] *Id.*

[23] These motions are as follows: Motion for Stay or Abeyance (D.I. 110); Motion for an Evidentiary Hearing (D.I. 114); Motion for Appointment of Counsel (115); Motion to Withdraw Original Memorandum (D.I. 117); Motion for Discovery and Inspection (118, 119). With regard to the Defendant's November 14, 2017 Motion to Withdraw and Replace (D.I. 117), it is **GRANTED**, thereby rendering Defendant's September 21, 2017 Motion for Stay or Abeyance (D.I. 110) moot. With regard to the Defendant's Motion for an Evidentiary Hearing (D.I. 114) and Motion for Discovery and Inspection (D.I. 118, 119), they are **DENIED** because the issues raised therein were previously addressed by the Trial Court. Comm'r's Report, at *8; *see* D.I. 77, 96. The record has been thoroughly reviewed. Defendant's allegations are either not supported by the record, not material to a determination of Defendant's claims, or procedurally barred. There is no just reason to further expand the record. Defendant's Motion for Appointment of Counsel is **DENIED**. There is no good cause for appointment of counsel. Super. Ct. Civ. R. 61(e).

[24] *Bradley v. State*, 135 A.2d 748, 756-57 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)); *see* Super. Ct. Crim. R. 61(i) (setting forth Rule 61's procedural bars).

5

timeliness,[25] repetitiveness,[26] procedural default,[27] and former adjudication.[28] The procedural bars of repetitiveness and former adjudication may be overcome if "reconsideration of the claim is warranted in the interest of justice."[29] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis[30] and the Court will not consider the merits of any claim for postconviction relief that fails any Rule 61 procedural requirement.[31]

11. In his Second Motion, all of Defendant's claims, except the ineffective assistance of counsel claims based on prosecutorial misconduct and insufficient evidence, are procedurally barred as repetitive.[32]

---

[25] Super. Ct. Crim. R. 61(i)(1). The motion must be filed within one year of a final order of conviction.

[26] Super. Ct. Crim. R. 61(i)(2). No second of subsequent motion is permitted unless the motion satisfies the pleading requirements provided in Rule 61(d)(2).

[27] Super. Ct. Crim. R. 61(i)(3). Any basis for relief must have been asserted at trial or on direct appeal as required by the court rules, unless the movant shows prejudice to this rights and cause for relief.

[28] Super. Ct. Crim. R. 61(i)(4). Any basis for postconviction relief must not have been formally adjudicated in any proceeding.

[29] *Id.*

[30] *State v. Reyes*, 155 A.3d 331, 342 (Del. 2017) (citations omitted) ("Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

[31] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[32] *See* D.I. 67; *see also* Comm'r's Report, aff'd by *Merritt*, 77 A.3d 272; Super. Ct. Crim. R. 61(i)(2). The Commissioner already found that Defendant's trial counsel consistently and diligently defended the charges against Defendant, and that counsel may determine weaker arguments should not be raised so as not to detract from stronger arguments advanced. The Superior Court adopted the Commissioner's Report and the Supreme Court affirmed. The Defendant's Second Motion, is repetitive, wholly lacking in merit and wholly lacking factual support. Martinez v. Ryan, 566 U.S. 1, 7–17 (2012).

6

12. Defendant's barred claims do not satisfy the pleading requirements of Rule 61(d)(2) so as to overcome the Rule 61(i)(2) procedural bar. Nor does the Court find that the interests of justice warrant consideration of the otherwise procedurally barred claims for relief.[33]

13. Defendant contends in his Second Motion that his trial counsel was ineffective for failure to object to alleged prosecutorial misconduct and insufficient evidence.[34] On the First Motion, the Commissioner carefully considered and determined that the prosecutorial misconduct claim was without merit[35] and the evidence was sufficient to support a conviction under the applicable standard.[36] The Superior Court adopted the "Commissioner's well-reasoned report and recommendation,"[37] and the Superior Court Order was affirmed by the Delaware Supreme Court.[38]

---

[33] *Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

[34] D.I. 109.

[35] Comm'r's Report, at *3.

[36] *Id.* at *3–4. The applicable standard, correctly applied by the Commissioner, is whether a rational trier of fact, considering the evidence most favorable to the prosecution, could find the essential elements of the offense beyond a reasonable doubt. *Hoyle v. State*, 956 A.2d 642 (Del. 2008).

[37] *Merritt v. State*, 2013 WL 5432824, at *1 (Del. 2013).

[38] *Id.* at *2.

**WHEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    David A. Merritt (SBI# 00544425)